## Disclosure of Birth Certificates

GORNISH, *Acting Attorney General,* RAINS, *Deputy Attorney General,* July 31, 1978— Questions have been raised concerning the legal propriety of the practice of the Vital Statistics Division of the Department of Health of releasing certified copies of original birth certificates to requesting adoptees. It is the opinion of this office that the current practice is lawful, that a certified copy of the original birth certificate must be made available to a requesting adoptee provided he has reached the age of majority and is of sound mind. The reasons for this opinion are as follows:

Section 603(c) of the Vital Statistics Law of 1953, specifically authorizes such release:

"After the amended certificate is prepared, any information disclosed from the record shall be from the amended certificate; and access to the original certificate of birth and to the documents of proof on which the amended certificate is based shall be authorized only upon request of the person involved if he has attained majority and is not incompetent, or upon request of his parent, guardian or legal representative, or upon order of a court of competent jurisdiction." Act of June 29, 1953, P.L. 304, 35 P.S. §450.603(c).

The question is whether section 505 of the Adoption Act negates this legal mandate. Section 505 provides:

"All petitions, exhibits, reports, notes of testimony, decrees, and other papers pertaining to any proceeding under this act, or under the act of April 4, 1925 (P.L. 127), entitled 'An act relating to Adoption,' shall be kept in the files of the court as a permanent record thereof and withheld from inspection except on an order of court granted upon cause shown." Act of July 24, 1970, P.L. 620, 1 P.S. §505.

Sections 334 and 402 of the Adoption Act enumerate the exhibits which are to be included in the petition for adoption which become part of the court record and are then normally withheld from inspection: Act of July 24, 1970, P.L. 620, 1 P.S. §§334 and 402. Specifically, either a birth certificate or a certification of registration of birth of the child is to be attached to the adoption petition as an exhibit. By attaching either exhibit, compliance is had with section 505 of the Adoption Act without impounding the original birth certificate. In practice, the original birth certificate is never impounded by the court when an adoption is finalized because the Vital Statistics Division only releases information from or a certified copy of the original birth certificate and is not authorized to ever release the original birth certificate itself. Since the original birth certificate remains with the Vital Statistics Division, the division can allow access to it when specifically authorized by statute to do so, as by section 603(c).

Outside of very limited circumstances not applicable here, it is only when statutes are irreconcilable that the later one may be construed to imply

repeal of the earlier one: Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1971(c). Consequently, for the 1970 passage of section 505 to impliedly repeal the 1953 enactment of section 603(c), the two provisions must be irreconcilable. Our interpretation of the two provisions indicates that they are not irreconcilable as a matter of law; nor have they been as a matter of practice. Therefore, we conclude that the Vital Statistics Division is statutorily mandated to continue making certified copies of original birth certificates available to requesting adoptees in accordance with the specific authorization of section 603(c) of the Vital Statistics Law.